UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| DON MARTIN, | Case No. CV 16-2655 TJH (SS) |
|---|---|
| Plaintiff, | **MEMORANDUM AND ORDER** |
| v. | **DISMISSING COMPLAINT** |
| CITY OF LOS ANGELES, et al., | **WITH LEAVE TO AMEND** |
| Defendants. | |

**I.**

**INTRODUCTION**

On April 18, 2016, Plaintiff Don Martin ("Plaintiff"), a California resident proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against various defendants. ("Instant Complaint," Dkt. No. 1). On April 26, 2016, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"). (Dkt. No. 5).

On May 16, 2016, the Court issued an Order To Show Cause Why The Court Should Not Vacate The Order Granting In Forma Pauperis

Status and Dismiss The Current Action As Duplicative of Don Martin v. Berry, CV 12-0315 TJH (CW) ("Prior Action"). ("OSC," Dkt. No. 6). On May 31, 2016, Plaintiff filed a response to the OSC.[1] ("OSC Response," Dkt. No. 7).

Under Federal Rule of Civil Procedure 12(b)(6), a trial court may dismiss a claim sua sponte "where the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Baker v. Director, U.S. Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) (adopting the Ninth Circuit's position in Omar and noting that such a sua sponte dismissal "is practical and fully consistent with plaintiff's rights and the efficient use of judicial resources"). When a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a pro se complaint, the court may not, however, supply essential elements of a claim that were not initially pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). A court must give a pro se litigant leave to amend the complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Karim-Panahi, 839 F.2d at 623 (citation and internal quotation omitted).

---

[1] In light of the OSC Response and the Court's analysis infra, the Court deems the OSC discharged, dismisses the Instant Complaint with leave to amend, and forbears at this time from vacating its order granting in forma pauperis status.

2

The Court finds that the Instant Complaint fails to state a cognizable claim for relief and must be dismissed. However, leave to amend is granted.

## II.

### ALLEGATIONS OF THE INSTANT COMPLAINT

In the Instant Complaint, Plaintiff sues the City of Los Angeles ("the City"), the Mayor of Los Angeles, the Chief of Police of the Los Angeles Police Department ("LAPD"), the Captain of the Van Nuys Police Station, Nury Martinez, Tamar Galatzan, and LAPD Officers Berry, Carbunoc, and Cline, as well as other unnamed officers. (Instant Complaint at 1).[2] The Instant Complaint sues all Defendants who are "natural persons" in their individual capacity. (Id. at 3).

Plaintiff's claims, which are discussed in greater detail infra, allege violations of his rights arising from seven enumerated incidents of unreasonable property and vehicle seizures conducted by City police officers at various locations on the streets of Los Angeles.[3] (Id. at 8-9). The dates of these incidents range from February 2014 to February 2016. (Id.). Plaintiff alleges violations of state and federal law, including his constitutional rights to due process and against unreasonable

---

[2] Throughout this Order, the Court cites Plaintiff's pleadings as though each pleading is continuously paginated.

[3] Plaintiff lists eight "deprivation episodes" giving rise to his claims, but "Deprivation Episode #4" does not contain any cognizable allegations. (See Instant Complaint at 8).

3

searches and seizures. (Id. at 3-8). The relief Plaintiff seeks is somewhat unclear, although the Instant Complaint is styled as a "Complaint for Damages." (Id. at 1).

## IV.

## DISCUSSION

**A. The Instant Complaint Raises Allegations Duplicative Of Allegations Raised In The Prior Action, And Claims Based On These Allegations Are Dismissed For Improper Claim Splitting**

**1. Applicable Standard**

Under the doctrine against claim splitting, a party is "not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail." United States v. Haytian Republic, 154 U.S. 118, 125 (1894). This rule "protect[s] the defendant from being harassed by repetitive actions based on the same claim." Clements v. Airport Auth. of Washoe Cnty., 69 F.3d 321, 328 (9th Cir. 1995). In contrast to a res judicata dismissal, dismissal for claim splitting does not require the entry of a judgment in the first action. Comm'r v. Sunnen, 333 U.S. 591, 597 (1948); see also Katz v. Gerardi, 655 F.3d 1212, 1218 (10th Cir. 2011). To ascertain whether a complaint is subject to dismissal for claim splitting, the Court must examine whether the causes of actions in the two suits are the same and the parties to the suits are the same or in

privity. Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688-89 (9th Cir. 2007), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

To determine whether successive causes of action are the same, this Court applies the "transaction test," which was developed in the context of claim preclusion. See id. at 688. In applying the transaction test, four criteria are relevant:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Id. The final criterion is also the most important. See United States v. Liquidators of European Fed. Credit Bank, 630 F.3d 1139, 1151 (9th Cir. 2011).

Relatedly, "[t]here is no abuse of discretion where a district court dismisses under [28 U.S.C.] § 1915 a complaint that merely repeats pending or previously litigated claims." See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quotation marks omitted); see also Denton v. Hernandez, 504 U.S. 25, 31 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant,

1 lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits") (internal quotation marks and citation omitted). It is also well-established that "[a]ll federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively." United States v. W.R. Grace, 526 F.3d 499, 509 (9th Cir. 2008) (quoting Aloe Vera of America, Inc. v. United States, 376 F.3d 960, 964-65 (9th Cir. 2004)).

### 2. Allegations Of Plaintiff's Prior Complaint, CV 12-0315

In the operative October 2015 Second Amended Complaint in the Prior Action, Plaintiff sues the City and various named and unnamed defendants including Tamar Galatzan; City Department of Transportation Officer Grimer; and LAPD Officers Berry, Padron, Zumstein, Ayala, Collins, Humphrey, Drucker, Verdin, Anderson, Cabunoc, and Cline. (See Prior Action, Dkt. No. 45 ("Prior Complaint") at 1). Plaintiff alleges violations of state and federal law, including his constitutional rights to due process and equal protection and against unreasonable searches and seizures. (Id. at 5-14). These violations allegedly arise from fifty-three enumerated incidents of unreasonable property seizures conducted by City employees and police officers. (See id. at 15-43). Plaintiff alleges the seizure of several of his vehicles, motor homes, personal effects, and legal documents. (Id.) The dates of these alleged incidents range from August 2009 to September 2015. (See id.).

6

### 3. Duplicative Allegations

Four of the Instant Complaint's seven "deprivation episodes" are duplicative of factual allegations in the Prior Complaint. (Compare Instant Complaint at 8-9 with Prior Complaint at 42-45).

"Deprivation Episode #1" of the Instant Complaint alleges seizure of Plaintiff's property occurring on Bessemer Street in Van Nuys, CA "[o]n or about 2/20/14." (Instant Complaint at 8). This is duplicative of the Prior Complaint's Episode 49, which also alleges seizure of Plaintiff's property on Bessemer Street in Van Nuys, CA "[o]n or about, 2/20/14." (Prior Complaint at 42). "Deprivation Episode #3" of the Instant Complaint alleges "unreasonable seizure" of Plaintiff's property on Aetna Street in Van Nuys, CA "[o]n or about 5/28/14." (Instant Complaint at 9). This is duplicative of the Prior Complaint's Episode 50, which also alleges seizure of Plaintiff's property on Aetna Street in Van Nuys, CA "[o]n or about, 5/28/14." (Prior Complaint at 42).

"Deprivation Episode #5" of the Instant Complaint took place on "3/16/15" but does not raise any specific allegations. (Instant Complaint at 9). This is duplicative of the Prior Complaint's Episode 51, which also alleges seizure of Plaintiff's property "[o]n or about, 3/16/15." (Prior Complaint at 42). Finally, "Deprivation Episode #6" of the Instant Complaint alleges that Officers Carbunoc and Berry seized Plaintiff's vehicles "on or about 6/19/15." (Instant Complaint at 9). This is duplicative of the Prior Complaint's Episode 52, which also alleges seizure of

7

Plaintiff's vehicles "[o]n or about, 6/19/15." (Prior Complaint at 42-43).

### 4. Non-Duplicative Allegations

Three "deprivation episodes" in the Instant Complaint are not duplicative of factual allegations in the Prior Complaint. "Deprivation Episode #2" alleges that, on or about "3/16/14," Plaintiff's property was "taken" by the City and later destroyed. (Instant Complaint at 8-9). "Deprivation Episode #4" does not appear duplicative of allegations in the Prior Complaint, but it contains no cognizable allegations. (Id. at 9). "Deprivation Episode #7" alleges that, on or about "11/21/15," Plaintiff's 1988 Ford van was unreasonably seized by LAPD Officer Cline. (Id. at 9). Finally, "Deprivation Episode #8" alleges that, "[o]n or about 2//7/16 [sic]," Plaintiff's 1995 Dodge truck was unreasonably seized by an unnamed LAPD officer. (Id. at 9).

### 5. The Instant Complaint Must Be Dismissed For Improper Claim Splitting To The Extent That It Is Based Upon Duplicative Allegations

The applicable factors support dismissing any causes of action in the Instant Complaint that are based upon the four "deprivation episodes" also described in the Prior Complaint. First, entering a judgment on the Instant Complaint will likely destroy or impair any judgment that would be entered on the Prior Complaint with respect to these "deprivation episodes." Second, the same evidence

8

will need to be presented in order to substantiate the identical factual allegations in each action. Third, the Instant Complaint alleges violations of Plaintiff's rights to due process and against unreasonable searches and seizures, but these legal theories are duplicated in the Prior Complaint. (Compare Instant Complaint at 8-9 with Prior Complaint at 42-45). Finally, the Court's review of the dates, street locations and general allegations in both pleadings demonstrates that both sets of allegations arise from the same "transactional nucleus of facts." (See supra; see also id.).

The Instant Complaint therefore raises causes of action identical to causes of action raised in the Prior Complaint. Additionally, although the Instant Complaint contains little factual detail regarding how each Defendant violated Plaintiff's rights, (see infra), it appears that the Defendants involved in the duplicative "deprivation episodes" will be the same or in privity in each suit. See In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997) ("privity" exists where a non-party controlled or participated substantially in the original suit, where there is "substantial identity" between a party and a non-party, or where the interests of a party and a non-party are so close as to be "virtually representative"); Miller v. Wright, 705 F.3d 919, 928 (9th Cir. 2012) (privity found due to "substantial commonality of [] interests").

Therefore, the Instant Complaint is partially duplicative of the Prior Complaint, and the Instant Complaint's claims based on the four "deprivation episodes" already raised in the Prior

9

1  Complaint must be dismissed for improper claim splitting. See
2  Cato, 70 F.3d at 1105 n.2.
3
4      In his OSC Response, Plaintiff appears to acknowledge that his
5  pleadings may be duplicative: he claims that he has only recently
6  assembled an "accurate chronology of events" and that he will soon
7  seek leave to amend both the Instant Complaint and the Prior
8  Complaint in order to group similar claims together. (OSC Response
9  at 3-5). The Court grants Plaintiff leave to file a First Amended
10 Complaint in this action but, at this time, there is no compelling
11 reason to permit Plaintiff to "reassign" any claims currently
12 pending in the Prior Complaint to an amended complaint in this
13 action. Instead, any First Amended Complaint in this action should
14 assert only claims that are not duplicative of claims raised in the
15 Prior Complaint. The Court notes that it may be more efficient for
16 Plaintiff to seek to amend the Prior Complaint to add related
17 claims, as opposed to bringing this new action.
18
19 **B.**    **The Instant Complaint's Remaining Allegations Fail To Comply**
20        **With Federal Rule of Civil Procedure 8**
21
22     Federal Rule of Civil Procedure 8(a)(2) requires that a
23 complaint contain "'a short and plain statement of the claim
24 showing that the pleader is entitled to relief,' in order to 'give
25 the defendant fair notice of what the . . . claim is and the grounds
26 upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S.
27 544, 555 (2007). Rule 8(d)(1) instructs that "[e]ach averment of
28 a pleading shall be simple, concise, and direct." A complaint

10

violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint. Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).

Plaintiff's remaining factual allegations are vague, often nonsensical, and inadequate to state a claim. The non-duplicative factual allegations in the Instant Complaint are as follows:

>    Deprivation Episode #2: On or about 3/16/14, the City again caused Plaintiff's belongings to be removed from Bessemer Street, Van Nuys. The property was taken to Los Angeles for "safekeeping" and later destroyed. He Sts #2 Bessemer South at Recycler. No posting there rainy light. [. . .]

>    Deprivation Episode #4: He St #3 [ / / 14 v/15] He Sts TYRONE west side D95 loanup #3 [. . .]

>    Deprivation Episode #7: On or about 11/21/15, Officer Cline unreasonably seized Plaintiff's 1988 Ford van from Tyrone Avenue, Van Nuys.

>    Deprivation Episode #8: On or about 2/7/16, LAPD officer out an unreasonable seizure of Plaintiff's 1995 Dodge pickup truck from Firmament Avenue, Van Nuys.

(Instant Complaint at 8-9 (some formatting, spelling, and punctuation altered)). The Instant Complaint otherwise consists

11

of conclusory statements that Plaintiff's factual allegations state legal causes of action. (Id. at 3-8).

Plaintiff's factual allegations do not permit the Court to conclude that his remaining claims against any Defendant are plausible, nor would they permit any Defendant to intelligently respond to the Instant Complaint. Cafasso, 637 F.3d at 1059. Indeed, the non-duplicative "deprivation episodes" do not mention any named Defendants other than the City and Officer Cline. Therefore, Plaintiff's claims are inadequately pled and must be dismissed with leave to amend.

Factual specificity is especially important given that Plaintiff's claims appear to arise in significant part under the Fourth Amendment. The Fourth Amendment protects the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" absent a warrant supported by probable cause. U.S. Const. amend. IV. "A 'seizure' of property . . . occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" Soldal v. Cook County, Ill., 506 U.S. 56, 61 (1992) (citation omitted); United States v. Karo, 468 U.S. 705, 712 (1984).

"A seizure results in a constitutional violation only if it is unreasonable." Nelson v. City of Davis, 685 F.3d 867, 878 (9th Cir. 2012). Determining whether "a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth

1 Amendment interests' against the countervailing governmental
2 interests at stake." Graham v. Connor, 490 U.S. 386, 396 (1989)
3 (some internal quotation marks omitted). While the
4 "reasonableness" inquiry "must be judged from the perspective of a
5 reasonable officer on the scene, rather than with the 20/20 vision
6 of hindsight," the inquiry is always an objective one: "the question
7 is whether the officers' actions are 'objectively reasonable' in
8 light of the facts and circumstances confronting them, without
9 regard to their underlying intent or motivation." Id. at 396-97.

As described supra, Plaintiff's non-duplicative allegations provide virtually no information regarding the circumstances underlying his claims. (See Instant Complaint at 8-9). Plaintiff therefore offers no facts tending to show that any alleged seizures were unreasonable. The Instant Complaint must be dismissed with leave to amend so that Plaintiff may allege facts sufficient to raise plausible claims for relief.

**IV.**

**CONCLUSION**

For the reasons stated above, the Instant Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint. In any amended complaint, Plaintiff shall cure the defects described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to**

13

**the claims asserted in prior complaints.** The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any prior complaint. Plaintiff shall limit his action only to those Defendants who are properly named in such a complaint, consistent with the authorities discussed above. The Court reminds Plaintiff that it may be more efficient to seek to amend his Prior Complaint with related claims, as opposed to initiating an entirely new action.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** In any amended complaint, Plaintiff should make clear the nature and grounds for each claim and specifically identify the Defendants he maintains are liable for that claim. Plaintiff shall not assert any claims for which he cannot allege a proper factual basis.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action**

14

1 **be dismissed with prejudice for failure to prosecute and obey Court**
2 **orders pursuant to Federal Rule of Civil Procedure 41(b).**

4 **Plaintiff is further advised that if he no longer wishes to**
5 **pursue this action, he may voluntarily dismiss it by filing a**
6 **Notice of Dismissal in accordance with Federal Rule of Civil**
7 **Procedure 41(a)(1). A form Notice of Dismissal is attached for**
8 **Plaintiff's convenience.**

10 DATED: August 4, 2016

12 _____/S/_____
 SUZANNE H. SEGAL
13 UNITED STATES MAGISTRATE JUDGE

15 **THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED**
16 **TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.**