**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DON MARTIN,<br><br>            Plaintiff,<br><br>   v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>            Defendants. | Case No. CV 16-2655 TJH (SS)<br><br>**MEMORANDUM AND ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On February 13, 2018, Plaintiff Don Martin ("Plaintiff"), a California resident proceeding pro se, filed a Second Amended Complaint, alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ("SAC," Dkt. No. 28). Plaintiff claims that the City of Los Angeles and various city employees caused his property to be unlawfully seized and destroyed on several occasions. (See SAC at 2-8).

Under Federal Rule of Civil Procedure 12(b)(6), a trial court may dismiss a claim sua sponte "where the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Baker v. Director, U.S. Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) (adopting the Ninth Circuit's position in Omar and noting that such a sua sponte dismissal "is practical and fully consistent with plaintiff's rights and the efficient use of judicial resources"). When a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a pro se complaint, the court may not, however, supply essential elements of a claim that were not initially pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). A court must give a pro se litigant leave to amend the complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Karim-Panahi, 839 F.2d at 623 (citation and internal quotations omitted). For the reasons stated below, the Complaint is DISMISSED with leave to amend.[1]

//
//
//

---

[1] A magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

2

## II.

## FACTUAL ALLEGATIONS AND CLAIMS

Plaintiff sues the City of Los Angeles ("the City") and several city employees in their individual capacities: Nury Martinez, a city councilwoman; Tamar Galatzan, a deputy city attorney; Cline, a police officer; "Doe One," a police officer; and "Does Two-Ten," city public works employees. (SAC at 2-4).

Plaintiff claims that Martinez, Galatzan and Does One-Ten violated his Fourth Amendment and Due Process rights by causing his property to be taken and destroyed. (Id. at 2, 5-8). He alleges that this occurred at a homeless encampment on Bessemer Street in Van Nuys, California on April 1 and May 23, 2014. (Id. at 5). The lost property included "legal materials, food, clothing, bedding, and other necessities of life." (Id.). He alleges that on December 17, 2015, at a different Van Nuys street corner, the same Defendants took away in a dump truck Plaintiff's "electronic equipment, stationery, bicycles, food, etc." (Id. at 6). He further claims that on February 7, 2016, on Martinez's orders, Doe One had Plaintiff's 1995 Dodge truck towed away, though "the officer knew there was no parking violation and no registration violation." (Id.). Plaintiff seeks monetary relief. (Id. at 9).

//
//

# III.

# DISCUSSION

## A. Plaintiff Fails To State A Claim Against The City

Plaintiff attempts to state a claim against the City. However, municipal entities, such as the City, may only be sued for constitutional torts committed by their officials according to an official policy, practice, or custom. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690 (1978). Monell specifically rejected governmental liability based on the doctrine of respondeat superior. Id. at 691-94. Thus, a government body cannot be held liable under section 1983 merely because it employs a tortfeasor. Id. Insofar as Plaintiff is suing the City, he must identify some official municipal policy pursuant to which the actions of its representatives caused the injuries complained of. Id. at 690-91; Lytle v. Carl, 382 F.3d 978, 982 (9th Cir. 2004). As the Ninth Circuit has found, "there must be a 'widespread practice.'" Marsh v. Cty. of San Diego, 680 F.3d 1148, 1159 (9th Cir. 2012) (quoting Davis v. City of Ellensburg, 869 F.2d 1230, 1233 (9th Cir. 1989)).

Here, Plaintiff asserts generally that the alleged deprivations occurred "according to official custom and practice," and that "similar actions are carried out every week

by the City." (SAC at 2). However, Plaintiff fails to allege any facts to show that Defendants' actions are part of any ongoing policy of the City, rather than being merely isolated incidents. Accordingly, Plaintiff's claims against the City are dismissed with leave to amend.

B. **Plaintiff Fails To State A Claim Against The Named Individual Defendants**

Because vicarious liability is inapplicable to section 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). The plaintiff must establish either the official's personal participation or "a sufficient causal connection" between the official's conduct and the alleged constitutional violation. Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).

Here, Plaintiff's allegations against Martinez, Galatzan and Cline are conclusory and vague. He asserts that Councilwoman Martinez "is responsible for orchestrating the seizures" of his property. (SAC at 2). He states that Galatzan, as the "neighborhood prosecutor" for the City, "set in motion the deprivations of Plaintiff's rights." (Id. at 3). He fails to provide any facts showing how these Defendants orchestrated or set in motion the alleged deprivations. Moreover, he claims that Officer Cline "order[ed] seizures unlawfully – on grounds of false pretenses." (Id. at 3). However, he omits Cline from the

5

factual allegations, leaving no indication of what role Cline played in the incidents. (See id. at 5-6).

Absent more specific allegations, Plaintiff has not plausibly pled these Defendants' personal involvement in violating Plaintiff's civil rights or any causal connection between any of their actions and any constitutional violations. Accordingly, Plaintiff's claims against Martinez, Galatzan and Cline are dismissed with leave to amend.

**C. The Instant Complaint's Remaining Allegations Fail To Comply With Federal Rule of Civil Procedure 8**

Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8. Rule 8 requires a showing, rather than a blanket assertion, of entitlement to relief. Factual allegations in a complaint satisfy the requirement of providing fair notice of the nature of the claim, and the grounds on which the claim rests. Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Here, Plaintiff does not provide sufficient factual allegations to satisfy Rule 8. He claims, for example, that Martinez, Galatzan and Does Two-Ten unjustifiably seized his personal property on three different occasions. (SAC at 5-6). However, aside from the dates, street locations and types of property seized, he fails to allege any facts about the nature of

these incidents. As such, Plaintiff's allegations do not show that there are plausible grounds for relief, nor do they provide enough facts for Defendants to properly respond to the claims.

Moreover, Plaintiff's claims appear to rest partly on the right to be protected against unlawful search and seizure — a fact-specific inquiry. Graham v. Connor, 490 U.S. 386, 396 (1989) (whether a "seizure is reasonable under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake") (some internal quotation marks omitted). In order for Plaintiff to satisfy Rule 8, he must state a cognizable legal theory for an unlawful seizure, providing applicable facts that demonstrate there are plausible grounds for relief. Iqbal, 556 U.S. at 668. Because the Second Amended Complaint fails to satisfy Rule 8, it is dismissed with leave to amend.

**D.    Substitute True Names for "Doe" Defendants**

Plaintiff fails to plead the names of the Doe Defendants. Plaintiff is responsible for obtaining the full name of each defendant named in any amended complaint. Failure to do so will result in dismissal of claims against these seven "Doe" defendants.

Accordingly, if Plaintiff does not know the full names of the Doe Defendants, he must promptly investigate to determine the

true name of the defendant. Plaintiff may then substitute the full names of those defendants who are inadequately identified in the current Complaint.

**IV.**

**CONCLUSION**

For the reasons stated above, the Second Amended Complaint is dismissed with leave to amend.[2] If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a Third Amended Complaint. In any amended complaint, Plaintiff shall cure the defects described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in prior complaints.** The Third Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Third Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any prior complaint. Plaintiff shall limit his action only to

---

[2] Plaintiff has another pending civil rights action in this Court, which he initiated in 2012. (See CV 12-0315 TJH (SS)). Plaintiff notes, in his Second Amended Complaint, that he intends to seek leave in the 2012 action to amend his pleading to add the claims from the instant case and then dismiss this case. (See SAC at 9). However, Plaintiff previously moved to consolidate the two cases on May 8, 2017, and the Court denied the motions on June 16, 2017. (See CV 12-0315 TJH (SS), Dkt. Nos. 72, 74; CV 16-2655-TJH (SS), Dkt. Nos. 17, 19). The Court found that consolidation was not in the interests of justice because, despite some overlap in Defendants and time periods, the two actions are not fully co-extensive and are at different stages of litigation. (CV 12-0315 TJH (SS), Dkt. No. 74 at 3; CV 16-2655-TJH (SS), Dkt. No. 19 at 3).

8

those Defendants who are properly named in such a complaint, consistent with the authorities discussed above. The Court reminds Plaintiff that it may be more efficient to seek to amend his Prior Complaint with related claims, as opposed to initiating an entirely new action.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** In any amended complaint, Plaintiff should make clear the nature and grounds for each claim and specifically identify the Defendants he maintains are liable for that claim. Plaintiff shall not assert any claims for which he cannot allege a proper factual basis.

**Plaintiff is explicitly cautioned that failure to timely file a Third Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this entire action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

<u>**Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a**</u>

**Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.**

DATED: March 12, 2018

                                          /S/
                              SUZANNE H. SEGAL
                              UNITED STATES MAGISTRATE JUDGE

**THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.**