UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    CV 16-2655 TJH (SS)                    Date: May 4, 2018
                                                    Page 1 of 8

Title:      Don Martin v. City of Los Angeles, et al.

DOCKET ENTRY:    **ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THE COURT DEEM PLAINTIFF A VEXATIOUS LITIGANT AND IMPOSE PRE-FILING RESTRICTIONS**

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                              None Present

**PROCEEDINGS: (IN CHAMBERS)**

On April 18, 2016, Plaintiff Don Martin, a California resident proceeding pro se, filed the above-referenced civil rights action against the City of Los Angeles (the "City") and numerous individual law enforcement officers. Plaintiff alleges that Defendants wrongfully seized his property.

Plaintiff has a pattern of filing frivolous civil rights complaints in the Central District of California against the City and other individual and municipal defendants alleging similar claims. Included in this Order are the case names and numbers of nine of Plaintiff's prior

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    CV 16-2655 TJH (SS)    Date: May 4, 2018
Page 2 of 8

Title:    Don Martin v. City of Los Angeles, et al.

actions taken from the Central District of California docket.[1] None of these actions resulted in a judgment favorable to Plaintiff. Only one of them was adjudicated even in part on the merits, and it resulted in a grant of summary judgment in the defendant's favor. All the rest were dismissed as patently frivolous, for failure to state a claim, or for failure to prosecute.

The Court finds that it is appropriate to warn Plaintiff that he may be deemed a **vexatious litigant**. This Order places Plaintiff on notice that the Court is considering a vexatious litigant order that will impose pre-filing conditions upon him before he may file any future complaint or in forma pauperis ("IFP") application with this Court.

Central District of California Local Rule 83-8 governs vexatious litigants. Local Rule 83-8.3, "Findings," states that a vexatious litigant order "shall be based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken." See L.R. 83-8.3. This Court finds, as discussed more fully below, that Petitioner has abused the Court's process and is likely to continue such abuse, unless protective measures are taken.

District courts should enter a pre-filing order only after a "cautious review of the pertinent circumstances." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). Accordingly, the Ninth Circuit has identified four factors that a court must examine before issuing a pre-filing order on a finding that a litigant is vexatious:

> [F]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants. Thus, [we have] outlined four factors for district courts to examine before entering pre-filing orders. First, the litigant must be given notice and a chance to be heard before the

---

[1] The Court takes judicial notice of Plaintiff's prior filings as reflected on the docket. See Fed. R. Evid. 201(c); see also In re Korean Air Lines Co., Ltd., 642 F.3d 685, 689 n.1 (9th Cir. 2011) (a court may take judicial notice of a court's own records in other cases and the records of other courts).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    CV 16-2655 TJH (SS)                    Date: May 4, 2018
                                                    Page 3 of 8

Title:      Don Martin v. City of Los Angeles, et al.

      order is entered. Second, the district court must compile an adequate record for review. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Finally, the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered.

Id. (internal quotation marks and citations omitted). The Court will address the four factors below.

1)   Notice And Opportunity To Be Heard

      The Court hereby notifies Plaintiff that it is considering a vexatious litigant order for the reasons set forth in this Order. As discussed below, Plaintiff must file a written response to this Order within **fourteen (14) days** of the date of this Order.

2)   An Adequate Record For Review

      The Court attaches copies of the case dockets, by case name and number, to demonstrate the multiple cases filed by Plaintiff since 2003. A review of these complaints on the electronic docketing system for the Central District of California reveals that none of Plaintiff's actions had any merit.

3)   Substantive Findings About The Frivolous Or Harassing Nature Of Plaintiff's Litigation

      Plaintiff has already filed <u>at least</u> nine unsuccessful civil complaints in this Court.[2] The Court finds that Plaintiff's civil actions can be fairly characterized as frivolous and harassing:

---

[2] This list of cases is limited to terminated cases filed by Plaintiff Don Martin since 2003 with the following address of record: P.O. Box 7653, Van Nuys, California 91409, which is also Plaintiff's address of record in the instant matter. The Court notes that its docket

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 16-2655 TJH (SS)                    Date: May 4, 2018
                                                  Page 4 of 8

Title:   Don Martin v. City of Los Angeles, et al.

Don Martin v. Kirk Kelley, et al., CV 03-5663 TJH (CW): Plaintiff filed this civil rights action against the City of Los Angeles and several LAPD officers in August 2003. On April 29, 2009, the Court dismissed the case for failure to prosecute.³ (Dkt. No. 83). Plaintiff appealed to the Ninth Circuit, (Dkt. No. 87), which ultimately dismissed the appeal for failure to file an opening brief. (Dkt. No. 106).

Don Martin v. City of Los Angeles, et al., CV 04-0484 DSF (CW): Plaintiff brought this civil rights action against the City of Los Angeles and several LAPD officers. The court dismissed the First Amended Complaint with prejudice for failure to state a claim. (Dkt. Nos. 15 (Report and

---

reflects numerous cases filed by a Don Martin prior to 2003 with the address of record 8629 Tyrone Avenue, Panorama City, California 91402. They include the following nine cases: Don Martin v. Armour, et al., CV 90-5919 JSL (JG); Don Martin v. Los Angeles County, et al., CV 91-0766 TJH; Don Martin v. Franz E. Lopez, et al., CV 94-1363 ER (E); Don Martin v. Richard NMI Walker, et al., CV 95-5054 KN (JG); Don Martin v. City of Los Angeles, et al., CV 95-7425 SVW (CW); Don Martin v. Ventura County Sheriff's Department, et al., CV 96-1961 RSWL (JG); Don Martin v. City of Los Angeles, CV 98-5223 UA; Don Martin v. City of Los Angeles, et al., CV 98-7292 UA; and Don Martin v. Dennis Bogard, et al., CV 98-8936 UA. None of these cases terminated in the plaintiff's favor. While it appears likely that these cases may be attributed to Plaintiff based on their quantity, lack of success, and the identity of the defendants, it is not necessary for the Court to consider them to find Plaintiff a vexatious litigant.

³ In the five years and seven months that CV 03-5663 was pending before its dismissal for failure to prosecute, Plaintiff filed six other actions in this Court, as described above: CV 04-0484; CV 05-6088; CV 05-8428; CV 06-8188; CV 07-1001; and CV 09-2359. Three of those cases, CV 05-6088, CV 07-1001, and CV 09-2359, were ultimately dismissed for failure to prosecute. On May 1, 2009, two days after CV 03-5663 was dismissed on April 29, 2009, Plaintiff lodged the complaint and IFP application in CV 09-3075. It, too, was eventually dismissed for failure to prosecute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    CV 16-2655 TJH (SS)                    Date: May 4, 2018
                                                   Page 5 of 8

Title:      Don Martin v. City of Los Angeles, et al.

Recommendation), 25-26 (Order Accepting Report and Recommendation and Judgment)).

Don Martin v. Kenneth Drucker, et al., CV 05-6088 FMC (PLA):  Plaintiff brought this civil rights action against the City of Los Angeles and several LAPD officers.  Two years later, the Court dismissed the action without prejudice for failure to prosecute.  (Dkt. Nos. 39 (Report and Recommendation), 41-42 (Order Accepting Report and Recommendation and Judgment)).

Don Martin v. Los Angeles Dep't of Transportation, et al., CV 05-8428 UA: Plaintiff brought this civil rights action against the City of Los Angeles, an LAPD officer, a private towing company, and a garage.  The Court denied Plaintiff's IFP application on the ground that the complaint was "legally and/or factually patently frivolous."  (Dkt. No. 2).

Don Martin v. City of Los Angeles, CV 06-8188 MMM (AGR):  Plaintiff brought this civil rights action against the City of Los Angeles alone.  In this case, the only one of Plaintiff's prior actions to have been adjudicated even in part on the merits, the Court granted summary judgment in favor of the City on the grounds that certain claims were time-barred, Plaintiff lacked standing to assert other claims, and Plaintiff failed to raise a triable issue of fact as to all the remaining claims.  (Dkt. No. 79).

Don Martin v. Securitas, et al., CV 07-1001 TJH (CW):  Plaintiff brought this civil rights action against Los Angeles County and several individual and corporate defendants.  The Court dismissed the complaint with leave to amend. (Dkt. No. 7).  After Plaintiff failed to file a First Amended Complaint, the Court dismissed the action without prejudice for failure to prosecute. (Dkt. Nos. 8 (Report and Recommendation), 14-15 (Order Accepting Report and Recommendation and Judgment)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    CV 16-2655 TJH (SS) | Date:  May 4, 2018 |
| | Page 6 of 8 |

Title:     Don Martin v. City of Los Angeles, et al.

---

Don Martin v. "Towing Machine" Paredes, et al., CV 09-2359 TJH (CW): Plaintiff brought this civil rights action against two parking enforcement officers of an unidentified agency. The Court dismissed the complaint with leave to amend. (Dkt. No. 7). After Plaintiff failed to file a First Amended Complaint, the Court dismissed the action without prejudice for failure to prosecute. (Dkt. Nos. 11 (Report and Recommendation), 17-18 (Order Accepting Report and Recommendation and Judgment)).

Don Martin v. Moran, et al., CV 09-3075 TJH (CW):  Plaintiff brought this civil rights action against the City of Los Angeles and two parking enforcement officers.  The Court dismissed the complaint and the First Amended Complaint with leave to amend. (Dkt. Nos. 7, 11). After Plaintiff failed to file a Second Amended Complaint, the Court dismissed the action without prejudice for failure to prosecute. (Dkt. Nos. 14 (Report and Recommendation), 17-18 (Order Accepting Report and Recommendation and Judgment)).

Don Martin v. City of Los Angeles, et al., CV 12-6752 UA (CW):  Plaintiff brought this civil rights action against the City of Los Angeles and several unnamed LAPD and parking enforcement officers.  The Court denied Plaintiff's IFP application on the ground that the complaint failed to state a claim, noting that Plaintiff had "filed numerous similar actions." (Dkt. No. 2).

As is illustrated by these cases, Plaintiff has demonstrated a pattern of filing complaints that are frivolous or fail to state a claim, primarily against the City of Los Angeles, LAPD officers, and parking enforcement officers, among other municipal, corporate and individual defendants.[4]

---

[4] In addition to the instant action, Plaintiff also has another pending action against the City of Los Angeles and dozens of individual LAPD officers, Don Martin v. LAPD Officer

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    CV 16-2655 TJH (SS)                    Date: May 4, 2018
                                                    Page 7 of 8

Title:    Don Martin v. City of Los Angeles, et al.

4)    A Narrowly Tailored Vexatious Litigant Order

A pre-filing injunction is appropriate where a plaintiff's complaints are not only numerous, but also patently without merit. In re Oliver, 682 F. 2d 443, 445 (3rd Cir. 1982). Plaintiff's litigation history consists of a series of harassing and frivolous lawsuits against a variety of defendants. DeLong v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). Thus, an order preventing Plaintiff from filing any future complaints against any defendant, without court permission, may be appropriate in this situation. The Court recognizes that consideration of other remedies will be required prior to entry of any final order. See Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014).

If Plaintiff is found to be a vexatious litigant, this Court may recommend that the District Judge issue an order directing the Clerk of this Court not to accept for filing any further IFP applications or complaints by Don Martin unless he first obtains leave from a Judge of this Court to bring the action. If the District Judge issues such an order, to file any new action, Plaintiff will first be required to file a motion for leave to file a complaint. Plaintiff must submit a copy of the Magistrate Judge's vexatious litigant recommendation, the District Judge's vexatious litigant order, and a copy of the proposed complaint with any such motion. If the Court does not grant Plaintiff written permission to file a complaint within 30 days of the date of his motion, permission will be deemed denied.

**Plaintiff is hereby ORDERED to file a response to this Order to Show Cause within 14 days of the date of this Order.** Plaintiff must demonstrate to the Court grounds to controvert the findings above, absent which it is likely that Plaintiff will be deemed a vexatious litigant. **If Plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) instead of filing a response to this Order. A Notice of Dismissal form is attached for Plaintiff's convenience.** The Clerk of the Court is directed to serve a copy of this Order upon Plaintiff at his current address of record.

---

Berry, et al., CV 12-0315 TJH (SS). Nothing in this Order should be construed as an indication that the Court has an opinion on the likely outcome of either of these cases.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.   CV 16-2655 TJH (SS)                          Date: May 4, 2018
                                                        Page 8 of 8

Title:     Don Martin v. City of Los Angeles, et al.

IT IS SO ORDERED.

MINUTES FORM
CIVIL-GEN                                                                  Initials of Deputy Clerk  mr